Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**HAI MING HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 04–4252–ag.**

United States Court of Appeals,
Second Circuit.

June 11, 2007.

Liu Yu, New York, N.Y., for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Robert L. Ellman, Appellate Chief, Brian J. Quarles,

Assistant United States Attorney, Las Vegas, NV, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. WALKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Hai Ming Huang, a native and citizen of the People's Republic of China, seeks review of a July 16, 2004 order of the BIA affirming the May 13, 2003 decision of Immigration Judge ("IJ") Sandy Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Ming Huang*, No. A79 443 286 (B.I.A. July 16, 2004), *aff'g* No. A79 443 286 (Immig. Ct. N.Y. City May 13, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). Questions of law, and application of law to fact, are reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*,

359 F.3d 121, 129 (2d Cir.2004), unless, of course, we can confidently predict that the IJ would adhere to the decision were the case remanded, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335, (2d Cir.2006). This is such a case. Even if we were to conclude that the IJ erred in deeming it implausible that Chinese officials would seek to arrest Huang for privately practicing Falun Gong, we can confidently predict that the IJ would, nevertheless, find his persecution claim not to be credible.

Huang testified that the police had tried to arrest him and his parents upon discovering that they practiced Falun Gong. However, he was unable to state correctly the number of Falun Gong exercises, to provide any of their names, or to demonstrate the fifth exercise. Given his claim that he had been practicing these exercises four times a week for one to two hours each time for several years, it was reasonable for the IJ to expect him to demonstrate some familiarity with them. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90–91 (2d Cir.2006) (recognizing that "lack of a certain degree of doctrinal knowledge" may render suspect petitioner's fear of persecution on account of religion).

Moreover, he failed to provide any statements from his sisters, with whom he was in regular contact, confirming that he practiced Falun Gong in China, or evidence corroborating his claim that he practiced Falun Gong in the United States, although he admitted he was in contact with other practitioners. The IJ reasonably took this lack of reasonably available corroboration into consideration in making the adverse credibility finding. *See Zhou Yun Zhang*, 386 F.3d at 78.

Given Huang's failure to establish the factual predicate of his case, that he was a

Falun Gong practitioner, substantial evidence supports the denial of asylum and withholding, *see id.* at 77–78, as well as the denial of CAT relief, to the extent it rested on that predicate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). To the extent that the CAT claim rested on his allegedly illegal departure from China, he has not made any related arguments in his brief to this Court, and therefore such arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).